UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO. 2:21-CV-0142-TOR <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 14, 16).  Plaintiff is represented by Lora Lee Stover. Defendant is represented by Kelly S. Arefi.  This matter was submitted for consideration without oral argument.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)–(v).  At step one, the Commissioner considers the claimant's

work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On January 3, 2019, Plaintiff filed an application for Title XVI supplemental security income benefits, alleging a disability onset date of January 1, 2014. Tr. 16. The application was denied initially, and again on reconsideration. *Id*. Plaintiff appeared at a telephonic hearing before an administrative law judge ("ALJ") on August 27, 2020. *Id*. At the hearing, Plaintiff amended her alleged onset date to January 3, 2019. *Id*.

Plaintiff previously filed an application for Title XVI supplemental security income benefits as well as Title II disability insurance benefits in December 2016. *Id*. The ALJ in that matter issued separate decisions, both of which were unfavorable. *Id*. There is a presumption of continuing nondisability following an unfavorable ALJ disability determination, unless the claimant can prove "changed circumstances" that indicate greater disability. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cr. 1988) ("The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings.").

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

The decision regarding the prior Title XVI application was not included in the present record; however, the ALJ in this matter considered all the evidence during the relevant time period and found the unfavorable decision was still appropriate. Tr. 16. The ALJ denied Plaintiff's claim on September 23, 2020, which became the Commissioner's final decision. Tr. 16–29.

At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity after January 3, 2019, the amended alleged onset date. Tr. 18. At step two, the ALJ found Plaintiff had the following severe impairments: migraines, endometriosis, chronic abdominal pain, lumbar degenerative disc disease, obesity, personality disorder, somatic features, depressive disorder/bipolar disorder, anxiety disorder/panic disorder, and post-traumatic stress disorder. Tr. 19. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. *Id*. The ALJ then found Plaintiff had a residual functional capacity to perform sedentary work with the following limitations:

> [Plaintiff] requires a sit/stand option, which is defined as changing positions from standing or sitting approximately every 30 minutes for about five minutes while remaining at the workstation. The claimant can never climb ladders, ropes or scaffolds, and occasionally climb ramps or stairs. The claimant can occasionally stoop, kneel, crouch, and crawl. The claimant should avoid exposure to extreme cold, extreme heat, wetness, and humidity. The claimant should avoid all use of nonmoving dangerous machinery or unprotected heights. The

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

      claimant should not drive a motor vehicle at work, and avoid exposure to bright sunshine or flashing lights—computers are okay. The claimant needs low stress work with no production pace or conveyor belt work and no sale quotas. The claimant needs a predictable work environment, with occasional simple workplace changes. The claimant can have no more than brief superficial interaction with the public, coworkers, and supervisors, although during training periods more contact would be allowed.

Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 27. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, and testimony from a vocation expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as document preparer, circuit board assembler, and toy stuffer. Tr. 28, 200. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from January 3, 2019, the application date, through September 23, 2020, the date of the ALJ's decision. Tr. 29.

On February 23, 2021, the Appeals Council denied review (Tr. 1–7), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 416.1481, 422.210.

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

# ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for this Court's review[1]:

1. Did the ALJ properly consider Plaintiff's subjective symptom testimony; and

2. Did the ALJ conduct an adequate analysis at step five?

# DISCUSSION

**A.  Plaintiff's Subjective Symptom Testimony**

Plaintiff asserts the ALJ improperly rejected Plaintiff's subjective symptom testimony. ECF No. 14 at 12–15. An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other

---

[1]   Plaintiff purports to raise four separate issues, however, three of the issues relate to the ALJ's step five evaluation. ECF No. 14 at 9. Therefore, the Court will treat those issues as one.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

activities." SSR 16-3p, 2016 WL 1119029, at *2.  When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7–8; 20 C.F.R. § 416.929(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence.  Tr. 22.  In arriving at this conclusion, the ALJ considered several of the factors described above.

The ALJ first considered the type, dosage, effectiveness, and side effects of any medication Plaintiff took to alleviate her migraine symptoms.  *Id*.  The ALJ noted that Plaintiff indicated she felt her headaches were under control beginning April 11, 2019, after receiving Botox injections.  *Id*.  On July 11, 2019, Plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

reported to her ophthalmologist that her migraines were stable and were responding to the Botox injections. *Id.* Plaintiff later reported an increase in migraine frequency but was unable to obtain treatment due to insurance and COVID-19. *Id.* While the ALJ observed that Plaintiff's treatment notes did reflect migraines, the migraines were well controlled by medication. *Id.* "Impairments that can be controlled effectively with medication are not disabling." *Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006) (citations omitted).

The ALJ next considered the objective medical records and exam findings and concluded the evidence was inconsistent with Plaintiff's alleged symptoms. Tr. 21. As to her endometriosis, an ultrasound in January 2019 revealed no abnormal ovarian pathology. Tr. 22. In June 2019, Plaintiff presented to the emergency department where she reported she was experiencing endometriosis symptoms exactly like her prior endometriosis episodes. *Id.* The lab results from that visit were negative for any emergent findings. *Id.* Moreover, Plaintiff reported feeling significantly better after receiving intravenous analgesics and antiemetics. *Id.*

Plaintiff's gastroenterological symptoms were also inconsistent with the objective medical findings. Tr. 23. Specifically, the ALJ noted negative findings from a November 2019 CT scan of her abdomen and pelvis, and a colonoscopy in January 2020 revealed normal findings and negative pathology. *Id.* Plaintiff later

1  reported, in July 2020, that she had overall improvement in her symptoms. *Id*.

2  The treatment notes reflected Plaintiff had not completed a gastric emptying scan,

3  which was discussed at the January 2020 visit. *Id*.

4      The intensity and persistence of Plaintiff's alleged back pain was also not

5  supported by the objective medical records. *Id*. While the ALJ noted Plaintiff

6  sought treatment for her back in 2017 and 2018, the records for that timeframe

7  revealed only mild degenerative nerve root impingement and low-grade

8  spondylosis. *Id*. The medical notes indicated that treatment should be

9  conservative; she was then prescribed medial block injections and advised to

10 follow up three weeks after the injections. *Id*. The ALJ observed the records did

11 not reflect ongoing treatment for Plaintiff's back pain during the relevant time

12 period, which suggested Plaintiff's symptoms were less severe than alleged. *Id*.

13     Finally, the ALJ found the intensity, frequency, and persistence of Plaintiff's

14 psychological symptoms also conflicted with the objective medical evidence. Tr.

15 23–25. Plaintiff was generally observed to be oriented to person, place, date, and

16 context, and her thought processes were linear, logical, and goal oriented. Tr. 24–

17 25. Notably, the ALJ observed that more than one treatment provider indicated

18 Plaintiff may have been malingering or exaggerating during her appointments. Tr.

19 23–24. While an ALJ may not discredit a claimant's symptom testimony and deny

20 benefits solely because the degree of the symptoms alleged is not supported by

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13

objective medical evidence, the objective medical evidence is still a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); 20 C.F.R. § 416.929(c)(2).

The ALJ also considered factors that precipitated or aggravated Plaintiff's alleged limitations. Tr. 23. In particular, the ALJ noted Plaintiff was assessed as morbidly obese in April 2019. *Id.* One care provider encouraged Plaintiff to lose weight after seeing Plaintiff for alleged back pain. *Id.* However, Plaintiff remained in the morbidly obese BMI range throughout the relevant timeframe. *Id.*

The ALJ also reviewed Plaintiff's daily activities and concluded Plaintiff's reported restrictions were inconsistent with Plaintiff's actual level of activity. Tr. 25–26. For example, Plaintiff was able to live alone with her dog, which she cared for. Tr. 25. Plaintiff was able to do some cleaning with assistance, wash dishes with breaks, and prepare some meals. Tr. 26. Plaintiff was involved with a boyfriend who helped her walk her dog and saw a friend regularly who helped her with household chores. *Id.* Plaintiff was also able to make trips to the store if someone went with her. *Id.* The ALJ concluded Plaintiff was able to socialize and

engage in some daily activities despite alleging otherwise. *Id*. While the Ninth Circuit has cautioned against reliance on "certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise" to discount a plaintiff's symptom allegations, the ALJ here considered other factors and found additional reasons for discrediting Plaintiff's subjective symptom testimony. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

Finally, the ALJ considered other factors related to Plaintiff's limitations and impairments. The ALJ noted Plaintiff had a history of drug abuse, including opioids. Tr. 23. At the July 2020 emergency room visit, Plaintiff requested opioids for her pain but was advised that opioids would worsen her symptoms. *Id*. Plaintiff's records also reflected possible malingering or exaggeration during psychological evaluations. Tr. 23–24. The ALJ concluded these findings raised questions as to whether Plaintiff's continued unemployment was actually due to medical impairments. Tr. 26.

Focusing primarily on the conclusions regarding Plaintiff's statements during her psychological evaluations, Plaintiff argues the ALJ's findings are unsupported by the record. ECF No. 14 at 13. Plaintiff ignores each of the other factors the ALJ considered in the analysis, which are all properly supported by substantial evidence. Plaintiff's own interpretation of the record cannot overcome the ALJ's properly supported conclusions. "Where evidence is susceptible to more

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679 (citation omitted).

Overall, the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record to discount Plaintiff's subjective symptom testimony.

**B.  Step Five Analysis**

Plaintiff argues the ALJ erred at step five by finding Plaintiff capable of performing a restricted range of sedentary work. ECF No. 14 at 14. If a claimant cannot perform his or her past relevant work, at step five the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999); 20 C.F.R. § 416.920(d)-(e). To do so, the ALJ may employ the testimony of a vocational expert. *Tackett,* 180 F.3d at 1100–01; *Osenbrock v. Apfel,* 240 F.3d 1157, 1162 (9th Cir. 2000). The ALJ's findings will be upheld if the weight of medical evidence in the record supports the hypothetical posed by the ALJ. *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony will qualify as substantial evidence if it is reliable. *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir. 1988).

Here, the ALJ posed the following hypothetical to the vocational expert and asked the expert to consider a claimant with Plaintiff's age, education, work

experience who could perform sedentary exertional level work with the following additional limitations:

> [L]ift up to 20 pounds occasionally, lift or carry up to 10 pounds frequently, stand or walk for about six hours per eight-hour workday and sit for about six hours per eight-hour workday. This person would need a sit/stand option, which I define as change from a standing position to a sitting position, approximately every 30 minutes or so for about five minutes while remaining at the workstation, sit and stand a t will is acceptable, but not required. This person would never climb ladders, ropes or scaffolds, could occasionally climb ramps and stairs, could occasionally stoop, crouch, kneel and crawl. . . This person would need to avoid exposure to extreme cold, extreme heat, wetness or humidity, no use of moving or dangerous machinery or unprotected heights, no driving a motor vehicle at work. This person should avoid exposure to bright sunshine and flashing lights. Computer monitors are okay. This person needs what I define as low-stress, work, which is no production pace, conveyor belt work, no sales quotas, predictable work environment, occasional simple workplace changes, work that requires no more than brief superficial interaction with the public, coworkers and supervisors although during training periods more contact would be allowed.

Tr. 198–99. The vocation expert testified that the hypothetical individual would be able to perform the following representative occupations: document preparer, with approximately 100,000 jobs in the nation; circuit board assembly, with approximately 40,000 jobs in the nation; and toy stuffer, with approximately 60,000 jobs in the nation. Tr. 200.

Plaintiff argues her physical conditions are more limiting than the ALJ's findings. ECF No. 14 at 14. Plaintiff does not cite to any evidence in the record to support her assertion. Having concluded the ALJ's findings with regard to

Plaintiff's alleged impairments were all supported by substantial evidence, the Court concludes the ALJ carried his burden to prove Plaintiff retains the residual functional capacity to perform certain jobs in the national economy. The ALJ's conclusion is supported by substantial evidence.

## CONCLUSION

After reviewing the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and close the file.

DATED December 20, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18